# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY RICHARDSON,

    *Petitioner*,

vs.

ANTHONY SCILLIA, *et al.*

    *Respondents.*

2:08-cv-01481-JCM-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion (#22) to dismiss and answer as well as petitioner's motion (#30) for a stay.

## *Background*

    Petitioner Gregory Richardson seeks to challenge his 2006 Nevada state conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery with use of a deadly weapon, and battery with use of a deadly weapon.

    Respondents have filed, pursuant to the court's scheduling order, a consolidated motion to dismiss and answer. The motion to dismiss seeks the dismissal of ground 1 as noncognizable in federal habeas corpus and the dismissal of grounds 3 and 4 as procedurally defaulted. The answer seeks the dismissal of the multiple claims of ineffective assistance of counsel in ground 2 on the merits.

    Petitioner filed a paper (#29) styled as an "Opposition to Respondents' Motion to Dismiss." Petitioner did not respond therein to any of respondents' arguments seeking the dismissal of grounds 1, 3 and 4. Petitioner instead referred, extensively, to a multitude of claims that are not contained within the amended petition (#19) and that he maintains are not

exhausted. He requests that the court enter a stay pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), so that he may return to state court to exhaust the claims referred to in the opposition. The clerk has docketed petitioner's proposed order to this effect separately as the motion (#30) for a stay. Respondents oppose the stay request in their reply (#31).

### *Motion for Stay*

The motion for a stay will be denied.

None of the claims referred to in petitioner's filing (#29) currently are before the court. For petitioner to present claims, he must file them in a properly-filed amended petition that presents all of the claims that he seeks to pursue.[1] The attempted assertion of claims in a reply to an answer or a purported opposition to a motion to dismiss has no effect. *See,e.g., Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir.1994). Now that respondents have filed an answer, petitioner can amend the petition under Rule 15(a)(2) only with respondents' written consent or by obtaining leave of court to do so. In order to obtain leave of court to file an amended petition at this late juncture in the case, petitioner would have to file a motion for leave to amend the petition accompanied by the proposed amended petition. He further would have to demonstrate that such a proposed amendment would not be futile given, *inter alia*, that the federal one-year limitation period expired more than two years ago absent tolling, a different accrual date, or relation back of claims.

The motion for a stay therefore will be denied. The court will not stay the case for the exhaustion of claims that are not contained in a pleading properly before the court.

Nothing herein prevents – or has prevented – petitioner from seeking relief at any time in the state courts, subject to whatever defenses or standards then might apply in any such state court proceedings and/or in any federal proceedings thereafter.

---

[1] The court specifically informed petitioner – twice – that any amended petition filed must be complete in itself, that the claims and allegations stated in the amended petition will be the only matters before the court, and that any claims or allegations that are left out of the amended petition will not be before the court. #10, at 2; #16, at 3. Petitioner has filed two amended petitions in this matter after being so informed.

Nothing herein prevents – or has prevented – any party from requesting any additional relief herein during the pendency of these federal proceedings, subject to whatever defenses or standards then might apply to any such request for relief.

### *Motion to Dismiss*

Under Local Rule LR 7-2(d), the failure of a party to file points and authorities in response to a motion constitutes a consent to the granting of the motion. Petitioner's filing (#29), while styled as an opposition to a motion to dismiss, contains no points and authorities responding to any of respondents' arguments seeking the dismissal of grounds 1, 3 and 4. Indeed, petitioner concedes that the claims in ground 1, when presented on direct appeal in the state courts, was "completely without merit."[2] Petitioner further presents no argument seeking to overcome the clear procedural default of grounds 3 and 4,[3] and the burden is on petitioner to establish any such alleged basis to overcome the procedural default of the claims. Petitioner accordingly has consented to the granting of the motion to dismiss, which appears to be well-supported by the record presented.

The motion to dismiss accordingly will be granted as to grounds 1, 3 and 4. The court will reach and address the multiple ineffective assistance claims in ground 2 that remain for decision on the merits as promptly as the court's docket allows.

IT THEREFORE IS ORDERED that respondents' motion (#22) to dismiss is GRANTED and that grounds 1, 3 and 4 are DISMISSED with prejudice.

IT FURTHER IS ORDERED that petitioner's motion (#30) for a stay is DENIED without prejudice on the record and arguments presented.

DATED:  March 16, 2011.

_____
JAMES C. MAHAN
United States District Judge

---

[2] #29, at electronic docketing page 12, lines 11-14.

[3] See #27, Ex. 36, at 5-6.