# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY RICHARDSON,

    *Petitioner*,

vs.

ANTHONY SCILLIA, *et al.*,

    *Respondents.*

2:08-cv-01481-JCM-RJJ

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the court for a final decision on the claims of ineffective assistance of counsel presented in the sole remaining ground.

### *Background*

    Petitioner Gregory Richardson seeks to challenge his 2006 Nevada state conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery with use of a deadly weapon, and battery with use of a deadly weapon. The court previously granted respondents' motion to dismiss grounds 1, 3, and 4. The only ground that remains, ground 2, presents claims of ineffective assistance of counsel. Petitioner pursued claims of ineffective assistance of counsel in the state courts in a state post-conviction petition.

### *Standard of Review*

    The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard for evaluating state-court rulings that is "difficult to meet" and "which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Under this highly deferential standard of review, a federal court

may not grant habeas relief merely because it might conclude that the state court decision was incorrect. 131 S.Ct. at 1411. Instead, under 28 U.S.C. § 2254(d), the court may grant relief only if the state court decision: (1) was either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 131 S.Ct. at 1398-1401.

A state court decision is "contrary to" law clearly established by the Supreme Court only if it applies a rule that contradicts the governing law set forth in Supreme Court case law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result. *E.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003). A state court decision is not contrary to established federal law merely because it does not cite the Supreme Court's opinions. *Id.* Indeed, the Supreme Court has held that a state court need not even be aware of its precedents, so long as neither the reasoning nor the result of its decision contradicts them. *Id.* Moreover, "[a] federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." 540 U.S. at 16, 124 S.Ct. at 11. For, at bottom, a decision that does not conflict with the reasoning or holdings of Supreme Court precedent is not contrary to clearly established federal law.

A state court decision constitutes an "unreasonable application" of clearly established federal law only if it is demonstrated that the state court's application of Supreme Court precedent to the facts of the case was not only incorrect but "objectively unreasonable." *E.g., Mitchell*, 540 U.S. at 18, 124 S.Ct. at 12; *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

To the extent that the state court's factual findings are challenged, the "unreasonable determination of fact" clause of Section 2254(d)(2) controls on federal habeas review. *E.g., Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). This clause requires that the federal courts "must be particularly deferential" to state court factual determinations. *Id*. The

governing standard is not satisfied by a showing merely that the state court finding was "clearly erroneous." 393 F.3d at 973. Rather, AEDPA requires substantially more deference:

> . . . . [I]n concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.

*Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004); *see also Lambert*, 393 F.3d at 972.

Under 28 U.S.C. § 2254(e)(1), state court factual findings are presumed to be correct unless rebutted by clear and convincing evidence.

The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. *Pinholster*, 131 S.Ct. at 1398.

### *Governing Substantive Law*

On a claim of ineffective assistance of counsel, a petitioner must satisfy the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must demonstrate that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's defective performance caused actual prejudice. On the performance prong, the issue is not what counsel might have done differently but rather is whether counsel's decisions were reasonable from his perspective at the time. The court starts from a strong presumption that counsel's conduct fell within the wide range of reasonable conduct. On the prejudice prong, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *E.g., Beardslee v. Woodford*, 327 F.3d 799, 807-08 (9th Cir. 2003).

While surmounting *Strickland*'s high bar is "never an easy task," federal habeas review is "doubly deferential" in a case governed by the AEDPA. In such cases, the reviewing court must take a "highly deferential" look at counsel's performance through the also "highly deferential" lens of § 2254(d). *Pinholster*, 131 S.Ct. at 1403 & 1410.

/ / / /

/ / / /

***Discussion***

In ground 2, petitioner alleges that he was denied effective assistance of counsel when trial counsel allegedly failed to fully investigate: (a) the reasons that prosecution witness Byroneasha Clark had for testifying for the State; and (b) a police report stating that .22 caliber cartridges were found at petitioner's residence.

**Byroneasha Clark Testimony**

With regard to Byroneasha Clark's testimony, petitioner alleges in the federal petition that Clark "was offered and received inducements and/or promises for her testimony;" that Clark gave "3-4" conflicting statements, yet counsel never moved to suppress her testimony; that Clark wrote to petitioner stating that he was not involved in the crimes, yet counsel failed to investigate the claim; and that counsel knew of these matters yet refused to inform the court. He contends that counsel should have filed a motion to suppress Clark's testimony and presented her letters to petitioner with the motion.

The state supreme court rejected the claims presented to that court on the following grounds:

> First, appellant claimed that his trial counsel was ineffective for failing to investigate the facts surrounding prosecution witness Byroneasha Clark's reasons for testifying for the prosecution prior to her giving a statement or testifying at trial. Appellant failed to demonstrate that trial counsel's performance was deficient or that he was prejudiced. At trial, both the State and appellant's counsel questioned Clark extensively regarding her decision to testify and the plea agreement she made with the State in exchange for her testimony. Moreover, both the State and appellant's trial counsel elicited testimony concerning how appellant's plea agreement impacted Clark's possible sentences for the charges she faced for her own involvement in the events involved in this case. Thus, the jury was well informed that Clark benefited from offering her testimony in the instant case and was able to determine how this fact affected Clark's credibility as a witness. Therefore, the district court did not err in denying appellant's claim.
>
> Second, appellant claimed that trial counsel was ineffective for failing to file a motion to suppress Clark's testimony because Clark had offered three or four conflicting statements in regard to this case. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant failed to demonstrate that such a motion would have been meritorious. Moreover, at trial, appellant's counsel elicited testimony

-4-

> concerning inconsistencies in Clark's various statements and testimony. Thus, the jury was aware of these inconsistencies. Therefore, the district court did not err in denying this claim.
>
> Third, appellant claimed that trial counsel was ineffective for failing to investigate letters that Clark wrote to appellant disavowing his participation in the crimes. Appellant failed to demonstrate that he was prejudiced. At trial, the State elicited testimony regarding a letter Clark wrote to appellant wherein Clark stated that she knew that appellant had not engaged in any wrongdoing. This letter, along with several others, was entered into evidence and the jury was able to review the correspondence that took place between appellant and Clark prior to appellant's trial. Appellant failed to elucidate how a further investigation concerning this correspondence would have altered the outcome of his trial. Therefore, the district court did not err in denying this claim.

#27, Ex. 36, at 2-4 (citation footnotes omitted).

Petitioner has failed to establish, under the applicable "doubly deferential" standard of review, that the state supreme court's rejection of his claims regarding Byroneasha Clark's testimony was either contrary to or an unreasonable application of *Strickland*. The state supreme court's summary of the pertinent trial evidence is presumed to be correct unless shown to be incorrect by clear and convincing evidence. *See, e.g., Sims v. Brown*, 425 F.3d 560, 563 n.1 (9th Cir. 2005). Petitioner has not so demonstrated here, and the state supreme court's recital instead is amply supported by the state court record.[1] At bottom, petitioner's claims as to Clark's testimony are grounded in the fundamentally flawed premise that trial counsel would have been able to wholly exclude Clark's testimony if he had filed a motion to suppress her testimony because of prior inconsistent statements, including those in her letters to petitioner, and incentives to testify. Such inconsistencies and incentives, however, are

---

[1] See #25-8, Ex. 20, Part 2, at 36-40 & 47 (Byroneasha Clark); #25-9, Ex. 20, Part 3, at 72-92 (same); #26-2, Ex. 21, Part 1, at 3-32 (same); see also #26-3, Ex. 21, Part 1, at 42-68 (detective Edward Laneve); #26-4, Ex. 21, Part 3, at 98-99 & 112-13 (detective Samuel Smith).

As discussed in a prior order (#32), petitioner's response to respondents' answer and motion to dismiss, in the main, was directed to claims that never have been brought before this court in the petition or an amendment thereto. To the limited extent that petitioner discusses a claim of ineffective assistance of trial counsel for failure to conduct investigation as to Clark's testimony, he refers exclusively to circumstances that, to the extent *arguendo* exhausted as a basis for the claim, were explored at trial. See #29, at electronic docketing pages 15-16.

matters to be considered by the jury in weighing the evidence; they do not provide a viable basis for a motion to suppress.  While criminal defendants commonly assume that prior inconsistent statements and incentives to testify automatically provide a lock cinch basis for excluding a witness' testimony, that assumption is not supported by controlling law.

The claims regarding Byroneasha Clark's testimony therefore do not provide a basis for federal habeas relief.

### .22 Caliber Cartridges

With regard to the .22 caliber cartridges found at his residence, petitioner alleges that further investigation would have shown that "several people were in and out of that area of the residence" and would have determined "whether the .22 caliber shells found were of the same type used in the crime."

The state supreme court rejected the claims presented to that court on the following grounds:

> Fourth, appellant claimed that his trial counsel was ineffective for failing to investigate the access of other persons to the place where the .22 caliber shells were found in appellant's residence. Appellant failed to demonstrate that his trial counsel was deficient or that he was prejudiced. At trial, Lieutenant Theodore Snodgrass testified that Richardson admitted to possessing the ammunition, stating, "He said something about that he had been holding them for somebody.... That he was holding the shells for someone else." Appellant failed to state which individuals, other than himself, had access to the area where he admitted he was keeping the shells. Therefore, the district court did not err in denying this claim.
>
> Fifth, appellant claimed that his trial counsel was ineffective for failing to investigate whether the .22 caliber shells that were found in his residence were of the same type as the cartridge found at the scene of the crime. At trial, Dinnah Caluag of the LVMPD forensic lab, an expert in the area of firearms and tool marks examinations, testified that the cartridge case found at the scene of the crime was consistent with a portion of the ammunition found in appellant's closet because they shared common manufacturing marks. However, Caluag also testified that she could not conclusively state that the cartridge case found at the crime scene came out of the box of ammunition found in appellant's closet. Thus, while the evidence did not conclusively show that the cartridge found at the crime scene came out of the ammunition box found in appellant's closet, it did show that the ammunition found in appellant's closet was of the same type as the cartridge found at the scene. Thus, it is unlikely that further

> investigation of this issue would have altered the outcome of appellant's trial. Therefore, the district court did not err in denying appellant's claim.

#27, Ex. 36, at 4-5 (citation footnotes omitted).

Petitioner has failed to establish that the state supreme court's rejection of his claims regarding the .22 caliber cartridges was either contrary to or an unreasonable application of *Strickland*. The state supreme court's summary of the pertinent trial evidence is presumed to be correct unless shown to be incorrect by clear and convincing evidence. *Sims, supra.* Petitioner has not so demonstrated here, and the state supreme court's recital instead is well supported by the state court record.[2] Petitioner's suggestion in the federal petition that further investigation was necessary to determine whether the .22 caliber cartridges found were of the same type used in the crime is belied by the record. It was established that the .22 shell case found at the scene was a Federal .22 caliber case and that the cartridges found at petitioner's residence were Federal .22 caliber cartridges. Moreover, with regard to any possible evidence that as-yet still unidentified others had access to the area with the cartridges, the beneficial impact of any such alleged evidence would have been sharply curtailed by Richardson's own statement that he was holding the cartridges for someone else, admitting that the cartridges were in his possession at the residence.

The claims regarding the Federal .22 caliber cartridges found at petitioner's residence accordingly also do not provide a basis for federal habeas relief.

IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus shall be DENIED and that this action shall be DISMISSED with prejudice on the merits.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not find debatable or wrong this court's conclusion that the state supreme court's rejection of petitioner's claims was neither contrary to nor an unreasonable application of

---

[2] See #25-5, Ex. 19, Part 1, at 3-6 & 14-18 (crime scene analyst Randall McPhail); #25-6, Ex. 19, Part 2, at 56-59 & 64 (officer Ramon Kent); #26-3, Ex. 21, Part 2, at 78-80 (detective Samuel Smith); #26-4, Ex. 21, Part 3, at 81-86, 92-93 & 109 (same); #26-5, Ex. 22, Part 1, at 19-33 (firearms and toolmark examiner Dinnah Caluag); #26-6, Ex. 22, Part 2, at 34-45 (same); *id.*, at 46-49, 51-54, 57-59 & 62-65 (detective Theodore Snodgrass).

clearly established federal law. Petitioner's claims of ineffective assistance of counsel regarding possible exclusion of Byroneasha Clark's testimony are grounded in the flawed premise that the witness' testimony could be wholly excluded on a motion to suppress based upon her prior inconsistent statements and incentives to testify. Such matters instead were fodder for cross-examination and in fact were explored at trial. Petitioner's claims of ineffective assistance of counsel regarding the .22 caliber cartridges found at his residence ignore: (a) testimony establishing that the cartridges found at his residence in fact were of the same manufacture as the shell case found at the scene, and (b) his own statement admitting that it was he – not another person – that possessed the cartridges at his residence, albeit allegedly in holding them for someone else. The state supreme court's rejection of petitioner's flawed claims clearly was neither contrary to nor an unreasonable application of clearly established federal law under the "doubly deferential" standard of review applicable to such claims.

The clerk of court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

DATED February 13, 2012.

_____
JAMES C. MAHAN
United States District Judge